FILED ___ LODGED
___ RECEIVED ___ COPY
NOV 14 2016
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ________ DEPUTY

Karen Pennington
Texas Bar No. 24004853
Attorney for Intervenor
THE HOPI TRIBE
Office of General Counsel
P.O. Box 123
Kykotsmovi, AZ 86039
Telephone: (928) 734-3141
Fax: (928) 734-3149

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE LRCiv P 5.4
(Rule Number/Section)

NAVAJO NATION,
Plaintiff,
v.
U.S. DEPT OF THE INTERIOR, et al.
Defendants.

No. 3:11-CV-08205-DLR
Notice of Motion and Memorandum in Support

**MOTION FOR LEAVE TO INTERVENE**

By and through undersigned counsel, the Hopi Tribe hereby moves the Court for an order granting the Hopi Tribe (the "Tribe" or "Hopi") leave to intervene in this action for the limited purpose of seeking dismissal pursuant to FRCP 19 for the reasons set forth herein.

**A. THE INTEREST OF THE HOPI TRIBE IN THIS MATTER RENDERS INTERVENTION APPROPRIATE AND TIMELY.**

This matter involves the disposition of prehistoric human remains and associated funerary items found in Canyon de Chelly. The matter was previously dismissed by the Court based on lack of subject matter jurisdiction. The dismissal was appealed to the Ninth Circuit Court of Appeals by the Navajo Nation. The Ninth Circuit remanded the matter for the sole purpose of determining whether any of the Indian tribes found to be culturally affiliated to the remains by a June 1, 2016 NAGPRA inventory (see 81 Fed. Reg. 35,044) published by the Park Service is a necessary party to this action, and if so, whether the culturally affiliated tribe may be joined.

While there has been an issue raised regarding whether this intervention is timely as required by FRCP 24, Hopi contends that is not a relevant inquiry in this instance. Significantly, timeliness is only a criterion pursuant to FRCP 24(b) relative to "Permissive Intervention" and is not a criterion for "Intervention of Right" pursuant to FRCP 24(a). Hopi is entitled to intervention of right because the Tribe claims an interest in the property that is the subject matter of the action and timeliness is thus not a criterion. Furthermore, the intervention by the Hopi Tribe is timely because it is axiomatic that challenges to subject matter jurisdiction can be raised at any time prior to final judgment. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541

U.S. 567 (2004) citing *Capron v. Van Noorden,* 2 Cranch 126, 2 L.Ed. 229 (1804).

The Hopi Tribe (the "Tribe") respectfully contends that the Navajo Nation seeks by this action to have the prehistoric human remains of the Puebloan ancestors of the Tribe considered to be "property" of the Navajo Nation under the Archaeological Resources Protection Act of 1979 (ARPA) rather than allowing the process of repatriation of the remains to culturally affiliated tribe(s) under the Native American Graves Protection and Repatriation Act (NAGPRA) previously initiated by the Park Service of the Department of the Interior to proceed.

The Tribe contends that intervention as of right, pursuant to Fed. Rule Civ. Proc. 24(a), should be granted by this Court based on the Hopi claim to the property (human remains and funerary objects) that is the subject of the action because disposing of the action may impair or impede the Tribe's ability to protect its interest in the property which is not being adequately protected by the U.S. Department of the Interior which has a trust relationship with both the Tribe and the Navajo Nation.

The Tribe further contends that it is a necessary and indispensable party to the action under Fed. Rule Civ. Proc. 19 since a decision in favor of the Navajo Nation determining that the remains should be disposed of

pursuant to ARPA rather than NAGPRA will prejudice the rights of the Tribe to those remains; and, since the Tribe cannot be joined because of its' sovereign immunity, the matter should be dismissed for lack of jurisdiction.

The Ninth Circuit Court of Appeals remanded the matter to this Court for the sole purpose of determining whether any of the tribes found to be culturally affiliated to the remains by the June 1, 2016 inventory published in the Federal Register by the Park Service are necessary and indispensable parties to this action, and if so, whether they can be joined. The Hopi Tribe has been found to be culturally affiliated to the remains by the June 1, 2016 inventory. The interest of the Tribe in this matter is to assure that the remains of its Puebloan ancestors are returned to the Tribe for reburial consistent with Hopi/Pueblo culture and tradition and are not denominated as "property" of the Navajo Nation under ARPA and/or treated disrespectfully. The Tribe contends that it is therefore a necessary and indispensable party to this action under Fed. Rule Civ. Proc. 19(b) which cannot be joined because of sovereign immunity and that this matter therefore should be dismissed for lack of jurisdiction.

**B. Intervention is appropriate because the Hopi Tribe is a necessary and indispensable party whose interests may be impaired in this matter.**

Intervention by the Hopi Tribe is appropriate because the Hopi Tribe is a necessary and indispensable party because it is culturally affiliated to the prehistoric human remains and funerary objects whose disposition is at issue in this matter. The Navajo Nation contends that it has a superior property right to the human remains and funerary objects such that no other tribe, including those culturally affiliated to the remains such as the Hopi Tribe could have any right to the property, and that the objects should therefore be repatriated to the Navajo Tribe. Dkt. Entry 12-1. The opening brief of the Navajo Nation before the Ninth Circuit did not even mention the Hopi Tribe or any other Pueblo tribe culturally associated with the remains and neither this Court nor the Court of Appeals has heard any argument at this juncture by the culturally affiliated tribes mentioned by the Department of the Interior in its previous briefing in this matter.

The Department of the Interior has contended that there are other culturally affiliated Pueblo tribes which have a justiciable interest in the remains, such as the Hopi Tribe. The Tribe contends that its interests are not adequately represented by the Department of the Interior which has trust obligations to the Navajo Nation and other culturally affiliated Pueblo tribes as well as to the Hopi Tribe. It is therefore desirable for the Court to consider the Hopi Tribe's arguments in the attached Motion to Dismiss of the Hopi Tribe.

Briefly, the Hopi Tribe respectfully contends that it is both a necessary and indispensable party to this litigation and that, because it cannot be joined as a party because of its sovereign immunity, this matter should be dismissed. The proposed Motion to Dismiss filed concurrently therefore requests that the Tribe be found to be a necessary and indispensable party which cannot be joined due to its sovereign immunity and requests that this matter be dismissed on that basis.

**C. Conclusion**

For the foregoing reasons, the Hopi Tribe requests that this Court grant this motion for leave to intervene and allow the filing of the Motion to Dismiss Pursuant to Rule 19 submitted concurrently herewith.

Respectfully Submitted this 12th day of November, 2016.

Karen L. Pennington
Attorney for Intervenor
THE HOPI TRIBE
Office of General Counsel
P.O. Box 123
Kykotsmovi, AZ 86039
Telephone: (928) 734-3141
Fax: (928) 734-3149

CERTIFICATE OF SERVICE

I hereby certify that I have mailed the foregoing document by First Class Mail, postage prepaid to the following parties:

Navajo Nation
Attn: Mr. Paul Spruhan

Assistant Attorney General
PO Box 2010
Window Rock, AZ 86515

U.S. Department of Justice
Environment and Natural Resources Division
Attn: Devon Lehman McCune/Mary Gabrielle Sprague
P.O. Box 7415
Washington, DC 20044

Dated: November 12, 2016

Karen Pennington