Karen Pennington
Texas Bar No. 24004853
Attorney for Intervenor The Hopi Tribe
THE HOPI TRIBE
Office of General Counsel
P.O. Box 123
Kykotsmovi, AZ 86039
Telephone: (928) 734-3141
Fax: (928) 734-3149

FILED ___ LODGED
___ RECEIVED ___ COPY

NOV 1 4 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NAVAJO NATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:11-CV-08205-DLR |
| U.S. DEPT OF THE INTERIOR, et al. | ) |
| | ) Notice of Motion to Dismiss and Memorandum in Support |
| Defendants. | ) |

THIS DOCUMENT IS **NOT** IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _LRCiv P 5.4_
(Rule Number/Section)

## MOTION TO DISMISS PURSUANT TO FRCP 19

By and through undersigned counsel, the Hopi Tribe hereby moves the Court for an order dismissing this action for lack of jurisdiction for the reasons set forth herein.

## INTRODUCTION

The Hopi Tribe (the "Tribe" or "Hopi") is a federally recognized Indian tribe. The Tribe has moved to intervene in this case for the limited purpose of seeking dismissal because, under the Native American Graves Protection and Repatriation Act ("NAGPRA"), the Tribe is one of the tribes "culturally affiliated" to the human remains and cultural items in question herein identified in the inventory published by the Park Service in the Federal Register on June 1, 2016. The Ninth Circuit Court of Appeals remanded this matter to the Court by order dated August 10, 2016 "for the limited purpose of determining whether, under Civil Rule 19, at least one of the tribes identified as culturally affiliated with the subject remains and objects in the inventory publish June 1, 2016 (see 81 Fed. Reg. 35,044) is a necessary and indispensable party to suit; and, if so, whether that party may be joined."

Although Canyon de Chelly is currently on the Navajo reservation, Canyon de Chelly is an ancestral home of the Tribe where Hopis resided from the 1300s to the 1600s. The Tribe respectfully contends that the human remains in question herein are of the Hisatsinom, the Hopi ancestors, who continue to reside spiritually at Canyon de Chelly today. Any judgment rendered in this action in Hopi's absence will prejudice the Tribe's interests such that the Tribe is an indispensable party to this action. The Tribe is a necessary and indispensable party which cannot be joined because of its

sovereign immunity and, therefore, Hopi seeks leave to intervene in this matter for the sole purpose of seeking dismissal of the action pursuant to FRCP 19 based on lack of jurisdiction.

### A. The Hopi Tribe and Canyon de Chelly

The Tribe has occupied what is now the Hopi Reservation since time immemorial. Indeed "[n]o Indians in this country have a longer authenticated history than the Hopis. As far back as the Middle Ages the ancestors of the Hopis occupied the area between Navaho Mountain and the Little Colorado River, and between the San Francisco Mountains and the Luckachukas." *Healing v. Jones*, 210 F. Supp. 125, 134 (D. Ariz. 1962). This area includes Canyon de Chelly which is an ancestral home of the Tribe, and which the Hopi currently continue to visit as a shrine and pilgrimage location today. The Hopi resided in Canyon de Chelly from the 1300s to the 1600s. Website of Canyon de Chelly, www.nps.gov/nr/travel/cultural_diversity/Canyon_de_Chelly_National_Monument.h... Significantly, there is a more than 1000 year old textile history from Canyon de Chelly in the collection of the National Park Service linking the Hopi Tribe and its ancestors with the Canyon. "Perpetuating Ritual Textile Traditions: A Pueblo Example," Laurie D. Webster, in "Approaching Textiles, Varying Viewpoints: Proceedings of the

Seventh Biennial Symposium of the Textile Society of America, Santa Fe, New Mexico, 2000."

When the Spanish first explored Arizona, "In 1541, a detachment of the Spanish conqueror, Coronado, visited this region and found the Hopis living in villages on mesa tops, cultivating adjacent fields, and tending their flocks and herbs." *Healing v. Jones, supra.* "The recorded history of the Navajos does not extend as far back as that of the Hopis. They are mentioned in preserved journals for the first time in 1629. From all historic evidence it appears that the Navajos entered what is now Arizona in the last half of the eighteenth century." *Id.* Prehistoric remains found in Arizona such as those at issue in this case factually cannot be physically related to the Navajo Nation based on the findings of this Court in *Healing* regarding the date of entry to Arizona by the Navajo Nation.

Although the Tribe contends that the Hopi and the Hisatsinom, the Hopi ancestors, created the living spaces in Canyon de Chelly in prehistory and resided in Canyon de Chelly and that the United States had the right of ownership but not the right of occupancy and therefore did not possess Canyon de Chelly when it deeded it to the Navajo Nation by the 1868 Navajo Treaty, the Tribe and the United States have a long and peaceful history. See generally, *Healing*, 210 F. Supp. at 133-38.

The Tribe is a federally recognized Indian tribe entitled to "the immunities and privileges available to federally recognized Indian tribes [including sovereign immunity] by virtue of [its] government-to-government relationship with the United States . . . ." *See Notice, Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs*, 80 Fed. Reg. 1,943, 1,944 (Jan. 14, 2015). The United States thus recognizes that the Tribe is entitled to a privileged relationship with the United States as its co-sovereign.

While the Navajo Nation has alleged violation of trust obligations owed to it by the United States, the United States has those same substantial trust obligations to the Hopi Tribe inuring from that relationship. While the United States contends that it is the sole indispensable party herein, the Tribe contends that the United States cannot adequately represent its' interests while maintaining its role as trustee of both the Tribe and the Navajo Nation. The Tribe specifically contends that the US government has violated its trust relationship to the Hopi by publishing a NAGPRA inventory finding the prehistoric remains at issue herein to be culturally affiliated to the Navajo Nation. *See, Shermoen v. U.S.*, 982 F.2d 1312 (9th Cir. 1992) ("...while United States might share same ultimate goal as absent tribes, it

was unlikely that government could represent competing interests and divergent concerns of tribe while keeping its role and obligations as trustee.")

## B. The Hopi Tribe and NAGPRA

The Tribe contends that, as trustee for both the Tribe and the Navajo Nation, the U.S. Department of the Interior is unable to adequately represent its interests in this matter, requiring the Tribe to be granted leave to intervene for the limited purpose of seeking dismissal in order for its interests not to be impeded or to be adjudicated against it in the Tribe's absence.

FRCP 19(c) requires that, when asserting a claim for relief, a party (1) identify any person who is required to be joined if feasible but who is not joined and (2) the reasons for not joining that person. Hopi contends that the Navajo Nation was required pursuant to FRCP 19(c) to disclose the interest of the Tribe and the other tribes culturally affiliated to the remains in the initial complaint in this matter.

In its complaint in this case, the Navajo Nation failed to disclose the interests of the Tribe or to otherwise meet that requirement of FRCP 19(c) in the proceedings previously before this Court and this intervention for the limited purpose of seeking dismissal of the action for lack of jurisdiction remains timely. Furthermore, it is axiomatic that challenges to subject

matter jurisdiction can be raised at any time prior to final judgment. *Grupo Dataflux v. Atlas Global Group, L.P., et al.*, 541 U.S. 567 (2004) citing *Capron v. VanNoorden*, 2 Cranch 126, 2 L.Ed. 229 (1804).

It was incumbent on the Navajo Nation to disclose, pursuant to FRCP 19(c), the identity of the Tribe and the requirement for joinder of the Tribe if feasible and the reasons for non-joinder. That requirement has not been met to this day while this is not the first repatriation of prehistoric human remains from Canyon de Chelly. Colorado College has returned multiple sets of remains from Canyon de Chelly to Hopi while no previous NAGPRA inventory listing had ever culturally affiliated prehistoric human remains from Canyon de Chelly to the Navajo Nation prior to the date of the Ninth Circuit panel decision in this matter. *See* 74 Fed. Reg. 48,779.

This matter cannot legitimately proceed without the Tribe because it has been found by the June 1, 2016 inventory to be "culturally affiliated" to those remains and any judgment rendered in the Tribe's absence might prejudice the rights of the Tribe to those remains. The Tribe therefore respectfully asserts that the Tribe is a necessary and indispensable party to this matter whose interests will be impaired by any decisions in this matter in its absence but which cannot be joined due to sovereign immunity. Because

joinder of the Tribe is therefore not feasible, this matter should be dismissed based on lack of subject matter jurisdiction.

## C. This matter should again be dismissed based on lack of jurisdiction.

This matter was previously properly dismissed by this Court on other grounds. While that decision was reversed on appeal, the Court should again dismiss the matter because it lacks jurisdiction since the Hopi Tribe is an indispensable party which cannot be joined because of the sovereign immunity of the Tribe. This issue was properly determined by the Ninth Circuit Court of Appeals in an essentially analogous matter *Manybeads v. United States*, 209 F.3d 1164 (9th Cir. 2000). As in *Manybeads*, the Tribe submits that it is a necessary and indispensable party and that, as it has not waived its sovereign immunity and is not a party, the suit should be dismissed.

The Navajo Nation seeks by this action to have the human remains of the ancestors of the Tribe and associated funerary objects considered to be "property" under the Archaeological Resource Preservation Act ("ARPA") rather than letting the NAGPRA process proceed. If this matter is not dismissed, the Tribe asserts that NAGPRA should be found to apply because the human remains of the ancestors of the Hopi are not "property" and should not be repatriated to the Navajo Nation as property. In addition, even under

ARPA the Court will be forced to consider the Hopi property claim to the Canyon which has never been properly extinguished by the US government if the matter is not dismissed.

The Tribe respectfully contends that this matter cannot properly proceed in its absence and should be dismissed, the contested NAGPRA inventory process completed and the remains in question repatriated to the Tribe for reburial.

### 1. The Tribe is a necessary party.

As the Ninth Circuit Court of Appeals formulated the appropriate inquiry in *Dawavendewa v. Salt River Project Agr. Imp. and Power Dist.*, 276 F.3d 1150 (9th Cir. 2002):

> "Application of Federal Rule of Civil Procedure 19 determines whether a party is indispensable. The inquiry is a practical, fact-specific one, designed to avoid the harsh results of rigid application. *1155 See Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir.1990). We must determine: (1) whether an absent party is necessary to the action; and then, (2) if the party is necessary, but cannot be joined, whether the party is indispensable such that in "equity and good conscience" the suit should be dismissed. *Confederated Tribes v. Lujan*, 928 F.2d 1496, 1498 (9th Cir.1991) (quoting *Makah Indian Tribe*, 910 F.2d at 558)."

In order to determine whether the Tribe is necessary under Rule 19, the Court considers whether, in the absence of the Tribe, complete relief can be accorded to Navajo Nation. *See Dawavendewa*, 276 F.3d at 1155 citing *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992) In the

alternative, the Court considers "whether the [Tribe] claims a legally protected interest in the subject of the suit such that a decision in its absence will (1) impair or impede its ability to protect that interest; or (2) expose Department of the Interior and the Navajo Nation to the risk of multiple or inconsistent obligations by reason of that interest. *See* Fed.R.Civ.P. 19(a)(2); *Makah Indian Tribe*, 910 F.2d at 558. If the Tribe satisfies either of these alternative tests, it is necessary to the instant litigation. *See Dawavendewa*, 276 F.3d at 1155.

The Tribe respectfully contends that it satisfies the second of those alternative tests. Hopi contends that it has a legally protected interest in the human remains and funerary objects at issue herein under NAGPRA, that a decision in its absence will impede its ability to protect that interest and that a decision herein in the absence of the Tribe will subject the Department of the Interior and the Navajo Nation to the risk of multiple or inconsistent obligations by reason of that legally protected Hopi interest.

2. **The Tribe is an indispensable party.**

There are four factors for determining whether a party is indispensable: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed.R.Civ.P. 19(b); *Also see White v. University of California*, 765 F.3d 1010 (9th Cir 2014).

Obviously, a judgment in favor of the Navajo Nation that ARPA applies rather than NAGPRA would prejudice the Tribe. It would declare that the Tribe has no rights to the Canyon de Chelly remains and would prevent transfer of the remains to the Tribe. Because the Tribe seeks custody of the remains under the NAGPRA process, there is no provision that could be included in such a judgment that would protect the Hopi Tribe's interests or serve to lessen the effect of a finding that NAGPRA does not apply and that the remains of the Hopi ancestors are the property of the Navajo Nation under ARPA. The Hopi Tribe is therefore an indispensable party to this action.

    **3.    Because the Tribe has not waived its sovereign immunity and is not a party, this matter should be dismissed.**

Although Rule 19(b) contemplates balancing the factors, "when the necessary party is immune from suit, there may be 'very little need for balancing Rule 19(b) factors because immunity itself may be viewed as the compelling factor.'" *White v. University of California* at 1028 quoting *Quileute Indian Tribe v. Babbitt*, 18 F.3d 1456, 1460 (9th Cir.1994) (quoting *Confederated Tribes*, 928 F.2d at 1499). Indian tribes are entitled to immunity from suit, particularly on matters integral to sovereignty and self-governance. *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 55–58, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978) (citing *Worcester v. Georgia*, 31 U.S. (6 Pet.) 515, 8 L.Ed. 483 (1832)).

As the Ninth Circuit noted in *White v. University of California*, supra, "virtually all the cases to consider the question appear to dismiss under Rule 19, regardless of whether a remedy is available, if the absent parties are Indian tribes invested with sovereign immunity." *White* at 1028 citing *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015 (9th Cir.2002); *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150 (9th Cir.2002); *Manybeads v. United States*, 209 F.3d 1164 (9th Cir.2000); *Clinton v. Babbitt*, 180 F.3d 1081 (9th Cir.1999); *Kescoli v. Babbitt*, 101 F.3d 1304 (9th Cir.1996); *McClendon v. United States*, 885 F.2d 627 (9th Cir.1989).)

Hopi is an Indian tribe invested with sovereign immunity and this matter should be dismissed.

### D. CONCLUSION

For the foregoing reasons, the Tribe requests that this matter be dismissed based on lack of jurisdiction on the grounds that the Hopi Tribe is a necessary and indispensable party which cannot be joined because of its sovereign immunity.

Respectfully Submitted this 12th day of November, 2016.

*Karen Pennington*
Karen Pennington
Attorney for Intervenor Hopi Tribe
THE HOPI TRIBE
Office of General Counsel
P.O. Box 123
Kykotsmovi, AZ 86039
Telephone: (928) 734-3141
Fax: (928) 734-3149

### CERTIFICATE OF SERVICE

I hereby certify that I have mailed the foregoing document by First Class Mail, postage prepaid to the following parties:

    Navajo Nation
    Attn: Mr. Paul Spruhan
    Assistant Attorney General
    PO Box 2010
    Window Rock, AZ 86515

    U.S. Department of Justice
    Environment and Natural Resources Division
    Attn: Devon Lehman McCune/Mary Gabrielle Sprague

P.O. Box 7415
Washington, DC  20044

Dated: November 12, 2016

*Karen Pennington*
Karen Pennington