IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

---

No. 3:11-cv-08205-DLR

---

NAVAJO NATION
Plaintiff,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR,
SALLY JEWEL, in her official capacity as SECRETARY OF THE DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE, JONATHAN B. DAVIS, in his official capacity as DIRECTOR OF THE NATIONAL PARK SERVICE, and TOM O. CLARK, in his official capacity as PARK SUPERINTENDENT, CANYON DE CHELLY NATIONAL MONUMENT,
Defendants,

---

**RESPONSE IN OPPOSITION TO THE HOPI TRIBE'S MOTION TO INTERVENE**

---

NAVAJO NATION
DEPARTMENT OF JUSTICE
Ethel B. Branch, Attorney General
Paul Spruhan, Assist. Attorney General
Post Office Box 2010
Window Rock, Arizona 86515
Tel: 928-871-6210

## INTRODUCTION

The Navajo Nation (the "Nation") filed this action against the U.S. Department of the Interior (the "Department") and other federal defendants (collectively, "Defendants") on December 16, 2011. In its complaint, the Nation contested application of the Native American Graves Protection and Repatriation Act ("NAGPRA") inventory and cultural affiliation process to three hundred and three separate sets of human remains, along with cultural objects, removed from its treaty reservation without its consent. *See generally*, Dkt. No. 1 (Complaint). Soon after the Navajo's complaint was filed, Defendants moved to dismiss on numerous grounds, including sovereign immunity. *See generally*, Dkt. No. 13 (Defendants' Motion to Dismiss).

On February 12, 2013, this Court granted Defendants' motion on sovereign immunity grounds, and dismissed this action in its entirety. *See* Dkt. No. 25, 2103 WL 530302 (Order Granting Motion to Dismiss ("Order")). The Nation appealed the Court's dismissal, and the Ninth Circuit issued its opinion reversing this Court on April 16, 2016. *Navajo Nation v. U.S. Dept. of Interior*, 819 F.3d 1084 (9th Cir. 2016). After the parties briefed whether *en banc* review was appropriate, the Ninth Circuit remanded the case for further proceedings on August 12, 2016.[1]

Now, nearly five years after this action was filed, nearly four years after it was dismissed and appealed, and seven months after the dismissal was reversed, the Hopi Tribe seeks to intervene in this matter "for the limited purpose of seeking dismissal pursuant to FRCP 19." Motion for Leave to Intervene ("Motion"), at 1. Claiming that Fed. R. Civ. P. 24's timeliness requirement does not apply to it, the Hopi Tribe argues that it should be admitted as a party to this litigation because its interests are not adequately represented by existing parties. The Hopi

[1] The Hopi Tribe did file an amicus brief in the *en banc* stage, arguing as it does in its proposed motion to dismiss that is an indispensable party to the case under Fed R. Civ. P. 19.

Tribe is wrong on both points, and the Motion should be denied.[2]

## ARGUMENT

### I. BECAUSE THE MOTION TO INTERVENE IS UNTIMELY, IT SHOULD BE DENIED.

The Hopi Tribe states that intervention of right under Fed R. Civ. P. 24(a) has no timeliness requirement. Motion, at 2.[3] However, by the plain language of the rule, a motion for intervention must be timely filed, whether the filing party seeks intervention of right, under Fed. R. Civ. P. 24(a), or permissive intervention, under Fed. R. Civ. P. 24(b). *See* Fed. R. Civ. P. 24(a) ("on timely motion" court must allow intervention), (b)(1) ("on timely motion" a court may allow intervention); *National Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 365 (1973) (under Rule 24, "the court where the action is pending must first be satisfied as to timeliness" since an application for intervention must be denied if untimely). Indeed, timeliness is "the threshold requirement for intervention as of right[;]" if the Court finds that the motion to intervene is not timely, it need not reach any of the remaining elements of Rule 24. *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (hereinafter *Wilson*).

In determining whether a motion for intervention is timely, courts in the Ninth Circuit consider three factors: (a) the stage of the proceeding at which an applicant seeks to intervene; (b) the prejudice to other parties; and (c) the reason for and length of the delay. *Id*. In

[2] As the Hopi Tribe, along with the Nation, has been found to be culturally affiliated to two hundred and seventy-nine of the remains and one thousand two hundred and ninety-one of the objects by the National Park Service in its recent inventory, 81 Fed. R. 35,044, 35,046 (2016), the Nation does not contest that the Hopi Tribe has an "interest" relating to those remains and objects. *See* Fed. R. Civ. P. 24(a)(2).

[3] In its Motion, the Hopi Tribe only seeks intervention of right, and makes no argument justifying permissive intervention. The Nation therefore does not discuss whether the Court may allow permissive intervention under Fed. R. Civ. P. 24(b).

considering these factors, "any substantial lapse of time weighs heavily against intervention." *Id.* Here, all three of these factors weigh against granting the Hopi Tribe's Motion. Accordingly, the Court should deny the Motion.[4]

**A. Because the Court and the parties to this action have substantively and substantially engaged the issues in this case, the "stage of the proceeding" factor weighs against intervention.**

The Ninth Circuit has generally been reluctant to allow intervention when substantive issues have already been dealt with in a case. *See Wilson*, 131 F.3d at 1303 (determining that the "stage of the proceedings" factor weighed heavily against intervention because "the district court [had] substantively—and substantially—engaged the issues in [the] case"); *Smith v. Marsh*, 194 F.3d 1045, 1050–51 (9th Cir. 1999) (concluding that the district court did not abuse its discretion in finding that the stage of proceedings counted "strongly" against intervention where rulings had been made on dispositive motions). Thus, where the Court has already issued decisions on central issues in the case, this factor weighs against intervention.

That is the situation here. The Hopi Tribe did not seek to intervene until years after the Court granted Defendants' motion to dismiss, which discussed questions of sovereign immunity, standing, ripeness, whether the Navajo had stated a claim, and whether this action should be dismissed for failure to join other tribes, including the Hopi Tribe. *See, generally*, Dkt. No. 13

---

[4] The proposition that challenges to subject matter jurisdiction can be raised at any time prior to final judgment is irrelevant to the question of whether the Hopi Tribe's Fed. R. Civ. P. 24 motion is timely. *See* Motion, at p. 2. The Hopi Tribe cites no authority in support of its position that because its proposed motion is allegedly a challenge to subject matter jurisdiction, it is somehow not bound by Fed. R. Civ. P. 24's timeliness requirement. *Id.* Indeed, it cannot do so, because no such authority exists. *See, e.g., Amador County v. U.S. Dept. of Interior*, 772 F.3d 901, 902 (D.C. Cir. 2014) (district court did not abuse its discretion in denying Indian tribe's untimely motion to intervene for limited purpose of moving to dismiss pursuant to Fed. R. Civ. P. 19). Regardless, the absence of an allegedly indispensable party is not an issue of subject matter jurisdiction, and therefore the Hopi Tribe's central premise is incorrect. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005) ("[Rule 19] address[es] party joinder, not federal subject-matter jurisdiction); *Downing v. Globe Direct LLC,* 682 F.3d 18, 22 n.5 (1st Cir. 2012).

(Defendants' Motion to Dismiss). In its Order, the Court discussed some of the substantive issues in the case within its discussion of sovereign immunity, including whether Defendants had "possession or control" over the remains, thereby triggering the inventory process under NAGPRA, and whether the Archaeological Resources Protection Act (ARPA) required immediate return of the remains to the Nation. Dkt. No. 25, 2013 WL 530302, at *3–5. In its opinion reversing the Order, the Ninth Circuit held that federal sovereignty immunity was waived, but in doing so also discussed some of the substantive issues in the case, including whether under NAGPRA a federal agency had to have "possession or control" at all to trigger the inventory process, and whether mere physical custody of the remains and objects was sufficient to establish "possession or control." *See Navajo Nation*, 819 F.3d at 1092–94.

Despite these multiple rounds of briefing and rulings on procedural and substantive issues, the Hopi Tribe waited years to file its motion as this case worked its way through the Ninth Circuit and was finally remanded to this Court. During those five years, this Court, the Ninth Circuit, and the parties have substantively—and substantially—engaged the issues in the case. That the Hopi Tribe waited until this critical stage of the proceedings to file its motion weighs heavily against intervention. *See Wilson*, 131 F.3d at 1303.

**B. Admitting the Hopi Tribe as a party even for the limited purpose of ruling on their Fed. R. Civ. P. 19 motion will unnecessarily prolong this action, thereby prejudicing the existing parties.**

Though the Hopi Tribe states that it wants to intervene only for the limited purpose of seeking dismissal of this action, *see* Motion at 1, the inevitable delay introduced by admission of a new party even for that purpose results in prejudice to the existing parties. Consequently, even if a party seeks to intervene on a limited basis, the "prejudice" factor weighs against intervention, particularly when the motion for intervention is filed long after the initial complaint, or when the action is otherwise ready for a decision on the merits. *See id*; *see also Amador County*, 772 F.3d

901, 904–906. Disposition of the Nation's substantive claims, and therefore disposition of the remains themselves, will inevitably be delayed for a significant period of time while the Court considers the intervention request, and, if granted, the Hopi Tribe's Motion to Dismiss. As discussed in the Nation's complaint, the exhumation and continued lack of reburial of the remains create serious harm to the Nation's people, and further delays in this litigation will exacerbate that harm. *See* Complaint, Dkt. No. 1, ¶ 17 (discussing Navajo beliefs forbidding removal of remains and the effect of removal on human health).[5]

In *Wilson*, a public interest foundation filed a motion to intervene twenty-seven months after the cases in which it sought admission were initiated. 131 F.3d at 1301. The foundation argued that, "[g]iven the long hibernation period of [the] case, it [was] difficult to see how [its] intervention would prejudice any party to the action." *Id.* at 1303. Further, the foundation promised that, if admitted, it would "limit itself . . . to filing motions and conducting discovery regarding future issues." *Id.* at 1304. Despite these arguments, the Court found that the foundation's admission to the case would prejudice the existing parties by causing undue delay, because the case had already been in litigation for twenty-seven months and was, "by all accounts, beginning to wind itself down." *Id.* Thus, the Court held that the "prejudice" factor weighed against intervention.

Like the prospective intervenor in *Wilson*, here too the Hopi Tribe has waited an unreasonably long time to seek intervention.[6] *See* 131 F.3d at 1304. And like the prospective

---

[5] Based on these firmly held beliefs, the suggestion by the Hopi Tribe that its intervention is necessary to prevent the remains from being "treated disrespectfully," Motion, at 4, is patently false.

[6] However, in contrast to the foundation in *Wilson*, the Hopi Tribe here have waited nearly twice as long to file their motion, further undermining the Hopi Tribe's claims to timeliness. *See* 131 F.3d at 1304.

intervenor in *Wilson*, the Hopi Tribe's Motion comes at a time when this action is nearly ready for briefing and a decision on the ultimate merits of the Nation's claims. Under circumstances like this, the court in *Wilson* held that the "prejudice" factor weighed against intervention. 131 F.3d at 1304. Because the Hopi Tribe's admission would cause undue delay and prejudice to the existing parties in this case, here too the Court should arrive at the same conclusion.

### C. The Hopi Tribe's unexplained and unjustified five year delay in seeking to intervene in this matter is fatal to its motion.

The final factor in the timeliness test considers the length of and reason for the delay in seeking intervention. *Wilson*, 131 F.3d at 1304. Although the length of the delay alone is not determinative, "any substantial lapse of time weighs heavily against intervention." *U.S. v. State of Wash.*, 86 F.3d 1499, 1503 (9th Cir. 1996) (hereinafter *Washington*).

As discussed above, the Hopi Tribe waited nearly five years since the complaint in this action was filed before it sought to intervene. The complaint clearly laid out the Nation's claims that its treaty and ARPA recognized its right of control over the remains outside of NAGPRA's inventory and cultural affiliation processes. *See* Complaint, Dkt. No. 1, ¶¶ 35–48. It was also clear that the Nation sought the immediate return of the remains and objects. *See id.* at p. 14. Thus, the Hopi Tribe knew or should have known since December 2011 that its interests could be impaired by the outcome of this action. Delays of half that length—called "extreme" by reviewing courts—have been held to invalidate any claim to admission by a prospective intervenor. *See Wilson*, 131 F.3d at 1304.

That the Hopi Tribe has not offered any explanation for its extreme delay is even more damaging to its request.[7] *Id.* The delay, and the complete lack of any justification for it, weighs

---

[7] This court has discretion to disregard any explanation for this delay proffered by the Hopi Tribe on reply. *See Lujan v. National Wildlife Federation*, 497 US 871, 894–895 (1990); *see also*

heavily against intervention in this matter. *Id.*, at 1304–05; *see also Washington*, 86 F.3d at 1504–05, 1506.

Because all of the factors considered by courts when ruling on the timeliness of a motion for intervention weigh against the Hopi Tribe's admission, the Motion should be denied. *Wilson*, 131 F.3d at 1302.

## II. THE HOPI TRIBE SHOULD NOT BE ALLOWED TO INTERVENE BECAUSE THEIR INTERESTS ARE ALREADY ADEQUATELY REPRESENTED IN THIS MATTER.

In addition to being timely, a motion for intervention of right must demonstrate that "the existing parties may not adequately represent the applicant's interest." *See* Fed. R. Civ. P. 24(a)(2); *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). The Hopi Tribe contends that its interests are not adequately represented by other parties in this matter because Defendants have "trust obligations to the Navajo Nation and other culturally affiliated Pueblo tribes as well as to the Hopi Tribe." Motion, at 5. This claim alone is insufficient to establish inadequacy of representation in the Ninth Circuit, which requires that district courts consider three factors: (a) whether the interest of a present party is such that it will undoubtedly make all of the proposed intervenor's arguments; (b) whether the present party is capable and willing to make such arguments; and (c) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (2003). Each of these factors weighs against the Hopi Tribe, and therefore its interests are already adequately represented by Defendants. Accordingly, the Hopi Tribe's motion to intervene should be denied. *See id.* at 1087–88.

---

*Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (a district court "need not consider arguments raised for the first time in a reply brief"). If the Hopi Tribe inserts new arguments or factual matter into its reply, and they are not stricken by the Court, the Nation will request a limited sur-reply to respond.

**A. The Hopi Tribe is presumed to be adequately represented in this action because it shares the same ultimate objective with the Defendants.**

The most important factor in determining the adequacy of representation is how the interests of the proposed intervenor compare with those of the existing parties. *Id.* at 1086. When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. *Id.* A "very compelling showing to the contrary" is required to overcome this presumption and demonstrate inadequate representation. *Id.*

The Hopi Tribe has not attempted to make any showing to overcome the presumption that Defendants will adequately represent its interests. Nor can it. Both the Hopi Tribe and Defendants wish to see this case dismissed, thereby defeating the Navajo's claim of a superior right to the remains and allowing the repatriation process to proceed under NAGPRA. The Hopi Tribe would make the same arguments that Defendants have made, including that NAGPRA applies to the remains and that the remains should be repatriated through NAGPRA's inventory and cultural affiliation process. Thus, there is no question that a present party will make all the arguments the Hopi Tribe would wish to advance.[8]

Further, the Hopi Tribe's conclusory claim that conflicting trust obligations may exist does not rise to the level of "compelling" evidence necessary to rebut the presumption of adequacy in this action. *Arakaki,* 324 F.3d at 1086. A "merely theoretical risk of conflicting

[8] Importantly, whether Defendants support the motion to intervene under Rule 24 or the motion to dismiss under Rule 19 is irrelevant to whether they adequately represent the Hopi Tribe's interests. *See Southwest Center for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1154 (9th Cir. 1998) (opposition of United States to tribe's motion to dismiss under Rule 19 does not show tribe is inadequately represented). It is clear the federal defendants will adequately represent the Hopi Tribe on the merits of the Nation's claims, which is the appropriate focus of the analysis. *See id.*

duties" does not demonstrate that the government is unable to adequately protect a tribe's interests in litigation. *South Dakota v. U.S. Dept. of Interior*, 317 F.3d 783, 786 (8th Cir. 2003). Rather, to establish inadequacy of representation based on a purported risk of conflicting duties, the Hopi Tribe must identify specific tribal interests that can only be protected by its intervention. *Id*. It has failed to do so. To the contrary, Defendants have resisted the Nation's claims throughout the litigation, arguing that NAGPRA's inventory and cultural affiliation process applies, despite their treaty and trust obligations to the Nation. Defendants' arguments then ultimately benefit the Hopi Tribe, as by its own statements in the Motion its claim to the remains and objects arises out of its status as a culturally affiliated tribe under NAGPRA. *See* Motion, at 3–4.

Because there is a unity of interest between Defendants and the Hopi Tribe, with both sharing the same ultimate goal in this matter, there is a strong presumption of adequacy of representation in this case. The Hopi Tribe has not overcome that presumption, and its motion should be denied.

**B. Defendants have in fact made the arguments the Hopi Tribe would make; thus, the second factor in the "adequacy" test weighs against intervention.**

Like the first, the second factor in the Ninth Circuit's "adequacy" test—whether a present party is capable and willing to make all of the proposed intervenor's arguments—weighs against intervention in this case. *See Arakaki*, 324 F.3d at 1087–88. Indeed, in its prior briefings before this Court and the Ninth Circuit, Defendants have consistently opposed the Nation's claims by arguing that NAGPRA applies instead of ARPA, that the National Park Service has "possession or control," of the remains and objects, and the Nation's treaty does not establish a superior right to them. Thus, Defendants have demonstrated that they are capable and willing to make all of the Hopi Tribe's arguments, and this factor weighs against intervention.

**C. The Hopi Tribe cannot offer any necessary elements to the proceeding that other parties will neglect.**

The final factor in the Ninth Circuit's "adequacy" test considers whether the proposed intervenor can offer any necessary elements to the proceeding that other parties would neglect. *Arakaki*, 324 F.3d at 1087–88. The Hopi Tribe makes no argument in its Motion that there are any such elements. Regardless, there are none. As discussed above, Defendants have sought and will continue to seek to establish that NAGPRA applies and that the remains and objects therefore must be repatriated to a culturally affiliated tribe pursuant to the inventory process.

Because each of the factors in the Ninth Circuit's "adequacy" test weighs against intervention, the Court should find that the Hopi Tribe's interests are adequately represented by parties already joined to the case, and should deny the Hopi Tribe's motion to intervene.

## CONCLUSION

The Hopi Tribe's Motion is untimely because it seeks intervention at a late stage in this proceeding, its admission would prejudice the existing parties, and its delay is extreme and completely unjustified. Furthermore, the Hopi Tribe's interests are already adequately represented in this matter because they share the same ultimate goal as Defendants, Defendants have already made all of the arguments the Hopi Tribe would make, and the Hopi Tribe cannot offer any necessary elements to the proceeding that other parties will neglect. The Nation therefore respectfully requests that the Motion be denied.

RESPECTFULLY SUBMITTED this 1st day of December, 2016.

/s/ Paul Spruhan
Paul Spruhan, Assistant Attorney General
Navajo Nation Department of Justice
P.O. Box 2010
Window Rock, Navajo Nation (AZ) 86515
(928) 871-6210

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the Following CM.ECF registrants:

Devon Lehman McCune
U.S. Department of Justice
Environment & Natural Resources Division
1961 Stout St., 8th Fl.
Denver, CO 80294
devon.mccune@usdoj.gov

Reuben S. Schifman
U.S. Department of Justice
601 D St. NW
Washington, D.C. 20004
reuben.schifman@usdoj.gov

Karen Pennington
THE HOPI TRIBE
Office of General Counsel
Post Office Box 123
Kykotsmovi, AZ 86039

/s/ Paul Spruhan
Office of the Attorney General